## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Anthony Nasseff, Jr.,                                     Civ. No. 14-4823 (JNE/BRT)

       Petitioner,

v.                                          **REPORT AND RECOMMENDATION**

Kent Grandlienard,

       Respondent.

BECKY R. THORSON, United States Magistrate Judge

## BACKGROUND

Petitioner Anthony Nasseff, Jr., a Minnesota state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Nasseff alleges in his habeas petition that the State of Minnesota has wrongfully withdrawn good-time credits that he accumulated during his time in prison towards his release date. (*See* Doc. No. 1, Petition at 5.) Nasseff also alleges that the 120-month term of imprisonment imposed in his criminal case violates his Eighth Amendment right against cruel and unusual punishment. (*Id.*) The Court conducted a preliminary review of Nasseff's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

---

[1] Rule 4 provides that "[t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

1

Upon initial review of the habeas petition, it did not appear that Nasseff had exhausted state remedies for the claims raised in the petition. (Doc. No. 7, Order at 2–3.) Accordingly, the Court ordered Nasseff to file an affidavit and exhibits demonstrating that he had in fact exhausted state remedies. (*Id.*) Nasseff was further ordered his "affidavit must show when and how Nasseff's claim was presented to the Minnesota Court of Appeals and the Minnesota Supreme Court (including the federal nature of the claim), and when and how those courts adjudicated his claim." (*Id.* at 3.)

Nasseff has since filed a letter to the Court in which he explains that he "filed a post-conviction petition in state court. It got denied by my judge. That means the appeals court will deny it too." (Doc. No. 8, Letter at 1.) Attached as an exhibit to that letter is an order of Judge Mary E. Hannon of the Tenth Judicial District of Minnesota denying several motions for relief filed by Nasseff in state court. (*See* Doc. No. 8-1.) Nasseff previously had also filed documents in this matter relating to earlier state-court post-conviction motions. (*See* Doc. Nos. 1-1 & 1-2.)

With Nasseff having now submitted his evidence of exhaustion, this matter is again before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Based on that review, this Court[2] recommends that Nasseff's petition be denied without prejudice for failure to exhaust state remedies.

---

[2] On January 7, 2015, this matter was reassigned from United States Magistrate Judge Mayeron to the undersigned. (*See* Doc. No. 9.)

## DISCUSSION

A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). This requirement has been explained by the United States Supreme Court as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted). Although a state prisoner seeking federal habeas relief is not required to have spelled out every nuance of his federal constitutional claims to the state courts, if a claim is based on the federal constitution, the prisoner must "fairly present the facts and substance of his habeas claim to the state court." *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir. 2006); *accord McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) ("Mere similarity between

3

the state law claims and the federal habeas claims is insufficient: 'If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)).

I.     **Good Time Credit Claim is Not Exhausted**

Nasseff has not provided any evidence that he has presented the claim relating to good-time credits to the Minnesota state courts. None of the state-court documents filed by Nasseff in this matter even mentions this claim. As best this Court can tell, Nasseff is raising this claim for the first time in his petition for habeas relief. Accordingly, this Court concludes that Nasseff has failed to exhaust state remedies with respect to this claim.  *See Baldwin*, 541 U.S. at 29; *O'Sullivan*, 526 U.S. at 845.

II.    **Eighth Amendment Claim is Not Exhausted**

Unlike Nasseff's claim with respect to good-time credits, Judge Hannon of the Tenth Judicial District addressed Nasseff's claim that his sentence violates the Eighth Amendment. (*See* Doc. No. 1-2, March 4, 2013 Order by Judge Hannon, at 4–5 (concluding that Nasseff's claim that his 120-month sentence is unconstitutionally excessive could have been brought in his first petition for post-conviction relief, is barred by the *Knaffla* rule, and that even so, his claim fails on the merits because Nasseff agreed to an upward departure in his sentence).) Thus, although Nasseff has not submitted copies of the documents he filed in state court, it appears that Nasseff has presented this claim to the Minnesota district court. Nasseff, however, has not shown that this claim was ever presented to the Minnesota Court of Appeals or the Minnesota Supreme Court. Despite

this Court's previous Order, Nasseff has not submitted appellate briefs or decisions demonstrating that he presented his Eighth Amendment claim to the Minnesota appellate courts. Moreover, this Court has not found any appellate decision from the Minnesota courts discussing this claim (or, for that matter, any other issue raised by Nasseff in connection with his criminal case). Without showing that he has presented this claim to the Minnesota Court of Appeals and the Minnesota Supreme Court in a manner that entitles him to a ruling on the merits, Nasseff cannot be granted relief on this claim in a habeas petition. *See Baldwin*, 541 U.S. at 29; *Gentry*, 175 F.3d at 1083; *see also Engle v. Isaac*, 456 U.S. 107, 130 (1982) (stating that a defendant may not fail to raise a constitutional objection in "the state courts simply because [the defendant] thinks [the state courts] will be unsympathetic to the claim").

### III.  Exceptions Do Not Apply

There are two limited exceptions to the requirement that a habeas petitioner first exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(B). Neither exception applies here, however.  First, there is no indication that state remedies were not available to Nasseff. Indeed, it seems that Nasseff simply opted not to appeal the decisions denying his state-court motions for post-conviction relief (or, in the case of his first claim, opted not to raise that claim in the state courts at all). Second, there does not appear to have been any circumstances that rendered appellate review of the denial of Nasseff's motions for post-conviction relief ineffective to protect his rights. Nasseff provides no reason for this

Court to conclude that he could not have raised his claims for relief before the Minnesota Court of Appeals or the Minnesota Supreme Court had he attempted to do so.[3]

## CONCLUSION

Because Nasseff has failed to fully exhaust the remedies available in the Minnesota state courts, this Court recommends that this action be summarily dismissed pursuant to § 2254(b) and Rule 4 of the Rules Governing Section 2254 Cases. This Court recommends that the action be dismissed without prejudice, however, so that Nasseff can return to the state courts and attempt to exhaust his presently unexhausted claims by filing a motion for post-conviction relief pursuant to Minn. Stat. § 590.01 and by continuing to pursue any appellate remedies that may be available to him.[4] Nasseff may return to federal court (if necessary) after the state courts, including the Minnesota

---

[3] Nasseff suggests in his letter to the Court that state-court review is not necessary in this case, because "[t]his is not a state issue anymore." (*See* Doc. No. 8, Letter at 1.) But nothing precludes state courts from enforcing federal rights; indeed, § 2254 presupposes that state courts will review claims for relief grounded in the federal constitution.

[4] If Nasseff's claims are found to be procedurally barred in the state courts, those claims will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. *See Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994) ("Federal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

Supreme Court, have reviewed and decided the claims that he seeks to present in his federal habeas petition. *See Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993).[5]

Having determined that this action must be summarily dismissed, this Court will further recommend that Nasseff's pending application to proceed *in forma pauperis* be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam).

## CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Nasseff's current habeas corpus petition differently than it is being treated here. Nasseff has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. This Court therefore recommends that Nasseff not be granted a COA in this matter.

---

[5] If Nasseff does return to the state courts to exhaust his state court remedies, and if he should attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d).

# RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. The application of petitioner Anthony Nasseff, Jr. to proceed *in forma pauperis* (Doc. No. 2), be **DENIED**;

2. Nasseff's petition for a writ of habeas corpus (Doc. No. 1), be **DENIED**;

3. This action be **DISMISSED WITHOUT PREJUDICE**;

4. Nasseff's motion to appoint counsel (Doc. No. 3), be **DENIED AS MOOT**; and

5. No certificate of appealability be granted in this matter.

Dated:  January 12, 2015

                                               *s/ Becky R. Thorson*
                                               BECKY R. THORSON
                                               United States Magistrate Judge

# NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 26, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.